# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | | |
|---|---|---|
| DAN BETTENCOURT, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | **JURY DEMANDED** |
| BLUEMONT GROUP, LLC, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Dan Bettencourt ("Mr. Bettencourt" or "Plaintiff") alleges the following claims against Bluemont Group, LLC ("Bluemont" or "Defendant"), a Dunkin' Donuts franchisee:

## INTRODUCTION

1. This is an action for unlawful employment practices under the Americans with Disabilities Act (the "ADA"), as amended by the Americans with Disabilities Amendments Act of 2008 (the "ADAAA"), collectively referred to herein as the "ADA," 42 U.S.C. § 1201, *et seq.*

2. Specifically, while working for Defendant, Plaintiff raised concerns regarding his supervisor's discriminatory conduct towards a disabled colleague. Shortly thereafter, Defendant attempted to pressure his resignation and, when that failed, terminated his employment.

## PARTIES, JURISDICTION, AND VENUE

3. Plaintiff is a citizen of the State of Tennessee and resides in Rutherford County, Tennessee.

4. Defendant is a limited liability company with a principal address of 408 N Cedar Bluff Rd, Knoxville, TN 37923.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 42 U.S.C.A §§ 12177(a).

7. Mr. Bettencourt filed a Charge of Discrimination with the Equal Employment Opportunity Commission (the "EEOC") within 300 days of the unlawful employment practices that are the subject of this Complaint. He received a Right to Sue on April 15, 2025.

## STATEMENT OF FACTS

8. Mr. Bettencourt worked as a District Manager for Bluemont's Dunkin' Donuts franchises located in Middle Tennessee including Nashville, Shelbyville, and Manchester, Tennessee from August 1, 2017, until his unlawful termination on January 4, 2024.

9. Plaintiff performed his duties and fulfilled his responsibilities in a competent and satisfactory manner. He was never written up, placed on a performance improvement plan, or otherwise formally disciplined.

10. During Plaintiff's employment, Bluemont acquired several Dunkin' Donuts franchises in the Kansas City area.

11. An employee at one of those Kansas City stores (referred to herein as "John Doe") spoke with a distinct speech impediment.

12. Plaintiff's supervisor, Regional Manager Mary Vaughn ("Ms. Vaughn"), frequently mocked and/or made fun of Mr. Doe's speech impediment to Plaintiff and others. On repeated occasions, she mimicked his speech pattern in a manner that Mr. Bettencourt found deeply offensive and appalling. He further believed in good faith that Ms. Vaughn's behavior towards Mr. Doe was unlawfully discriminatory and/or harassing.

2

13. On November 29, 2023, Plaintiff complained about Ms. Vaughn's discriminatory behavior towards Mr. Doe to both: (a) Bluemont's Human Resources department via Renee Fogarty ("Ms. Fogarty"); and (b) Bluemont's Chief Operating Officer, Casey Dout ("Mr. Dout").

14. During the week of December 11, 2023—approximately two weeks after Plaintiff complained about Ms. Vaughn's discriminatory behavior—Ms. Vaughn and Mr. Dout scheduled a meeting with Plaintiff.

15. At the meeting, on or around December 13, 2023, Ms. Vaughn and Mr. Dout tried to pressure Mr. Bettencourt to resign, saying that he seemed "unhappy." They offered him severance pay to end his employment, but Plaintiff responded that he was not unhappy—he was simply troubled by the discriminatory behavior against Mr. Doe and wished for it to end.

16. At the end of the meeting, Ms. Vaughn and Mr. Dout decided to allow Plaintiff to retain his position, at least temporarily, and Plaintiff went on a pre-planned and approved vacation beginning on or around December 22, 2023.

17. Prior to leaving for his vacation, Plaintiff was informed that all of his end of year reports needed to be completed and Mr. Bettencourt worked excessive hours prior to his vacation to ensure all of his reports were up to date and complete.

18. However, the day before he left for vacation, on or around December 21, 2023, Ms. Vaughn met with Mr. Bettencourt for lunch and told him that she began mocking Mr. Doe after she heard Mr. Dout mocking Mr. Doe, and that Mr. Dout had "started it."

19. Plaintiff returned to work from his vacation on or around January 4, 2024. The day he returned to work, Mr. Dout and Bluemont's Chief People Officer, Renzo Bassanini ("Mr. Bassanini") terminated him during a Zoom meeting. Plaintiff asked Mr. Dout why he was being terminated, and he responded that he "did not want to get into it."

3

20. Bluemont's treatment of Mr. Doe was consistent with Bluemont's discriminatory treatment of disabled employees and/or applicants that Plaintiff witnessed during his employment.

21. On one occasion, Plaintiff was told by a member of upper management that he could not hire an applicant in a wheelchair (even though they were well-qualified for the job); specifically, Plaintiff was told, "We can't hire someone in a wheelchair. They can't do anything."

22. On another occasion, Plaintiff was told by a member of upper management that he could not hire a deaf applicant (even though they were well-qualified for the job); specifically, he was told that the employee "couldn't do the job" because they were deaf.

23. There were available jobs and tasks both applicants could have performed with or without reasonable accommodations.

## COUNT ONE: RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*

24. Plaintiff incorporates Paragraphs 1 through 22 above as if each has been fully stated herein.

25. Mr. Bettencourt engaged in protected activity under the Americans with Disabilities Act (ADA) when he complained about Ms. Vaughn's discriminatory behavior towards Mr. Doe to both: (a) Ms. Fogarty; and (b) Mr. Dout.

26. Mr. Bettencourt had a good-faith belief that Ms. Vaughn's behavior was unlawfully discriminatory and/or harassing towards Mr. Doe because of his actual and/or perceived disability (his speech impediment).

27. Mr. Bettencourt then suffered adverse employment actions when Defendant tried to pressure him to resign and ultimately terminated his employment.

28. There was a causal link between the protected activities and the adverse employment actions described above. Plaintiff was fully qualified for his position and had

4

previously performed his duties and fulfilled his responsibilities in a competent and satisfactory manner. Defendant's actions—first attempting to pressure his resignation and then terminating his employment—occurred merely two and five weeks, respectively, after he complained about Defendant's discriminatory practices. Bluemont had no other legitimate, non-retaliatory reason for the termination.

29.     As a result of these acts and omissions, Defendant violated the ADA.

30.     As a result of Defendant's violations of the ADA, Mr. Bettencourt is entitled to compensatory and punitive damages in an amount to be determined at trial, retroactive pay, interest on back pay, other equitable relief, and reasonable costs and attorney's fees.

### COUNT TWO: ASSOCIATIONAL DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, *et seq.*

31.     Plaintiff incorporates Paragraphs 1 through 29 above as if each has been fully stated herein.

32.     The association provision of the ADA prohibits employment discrimination against a person, whether or not he has a disability, because of his known relationship or association with a person with a known disability. An employer is prohibited from making adverse employment decisions based on unfounded concerns about the known disability of anyone with whom the applicant or employee has a relationship or association—even if the employee is only minimally acquainted with such person. *See* 42 U.S.C. § 12112(b)(4).

33.     Mr. Bettencourt had a known association and working relationship with Mr. Doe, who was employed at one of the Kansas City Dunkin' Donuts stores that Bluemont acquired and who had a known disability (a speech impediment).

5

34. Mr. Bettencourt engaged in protected activity under the ADA when he complained about Ms. Vaughn's discriminatory behavior towards Mr. Doe to both: (a) Ms. Fogarty; and (b) Mr. Dout.

35. Mr. Bettencourt then suffered adverse employment actions when Defendant tried to pressure him to resign and, when that failed, terminated his employment.

36. There was a causal link between Plaintiff's association with Mr. Doe and the adverse employment actions described above. Defendant tried to pressure Plaintiff to resign and ultimately terminated his employment due to association with Mr. Doe and unfounded concerns that Plaintiff might continue to advocate for or complain on Mr. Doe's behalf.

37. As a result of these acts and omissions, Defendant violated the ADA.

38. As a result of Defendant's violations of the ADA, Mr. Bettencourt is entitled to compensatory and punitive damages in an amount to be determined at trial, retroactive pay, interest on back pay, other equitable relief, and reasonable costs and attorney's fees.

## RELIEF REQUESTED

1. A jury of six to try his claims.

2. Entry of judgment in favor of Plaintiff, and against Defendant, for compensatory damages in an amount to be proven at trial.

3. Entry of judgment in favor of Plaintiff for back pay, front pay, and other equitable relief.

4. Entry of judgment for punitive damages for the illegal and discriminatory conduct of Defendant.

5. An award of Plaintiff's costs, reasonable attorney's fees, and pre- and post-judgment interest.

6. Any other legal or equitable relief to which Plaintiff may be entitled.

6

Respectfully submitted,

/s/ R. Michelle Howser

R. Michelle Howser, BPR No. 025891
HOWSER & ASSOCIATE, PLLP
1500 Medical Center Parkway, Ste. 3A-1
Murfreesboro, TN 37129
(615) 801-8602 (p)/(615) 801-7870
Michelle@borofamilylegal.com

*Co-Counsel for Plaintiff*

**JESSE HARBISON LAW, PLLC**

*/s/ Jesse Ford Harbison*

Jesse Ford Harbison, BPR No. 032105
P.O. Box 68251
Nashville, TN 37206
(629) 201-7284
jesse@jesseharbisonlaw.com

*Counsel for Plaintiff*